**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGEL LOPEZ CRUZ, et al., | ) Case No.: 1:12-cv-01934 AWI JLT |
| Plaintiffs, | ) ORDER CONTINUING SCHEDULING ) CONFERENCE |
| v. | ) |
| EL RANCHO FARMS, et al., | ) |
| Defendants. | ) |

On November 28, 2012, Plaintiffs initiated this litigation by filing their complaint for damages. (Doc. 1)  The next day, the Court issued summonses to the defendants (Docs. 4, 5) and issued its order setting the scheduling conference.  (Doc. 6)  This order explicitly warned Plaintiffs not to delay service.  Id. at 1-2.  This order reads,

> The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. **Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint** and dismiss those defendants against whom plaintiff(s) will not pursue claims. Plaintiff(s) shall promptly file proofs of service of the summons and complaint so the Court has a record of service. Counsel are referred to F.R.Civ.P., Rule 4 regarding the requirement of timely service of the complaint. **Failure to timely serve summons and complaint may result in the imposition of sanctions**, including the dismissal of unserved defendants.

Id., emphasis added. Nevertheless, no proof of service has been filed demonstrating the service of process has been accomplished and no appearance has been made on behalf of either

1

defendant.[1]

## ORDER

Based upon the foregoing, the Court **ORDERS:**

1. The scheduling conference, currently set on March 14, 2013 is **CONTINUED** to **May 2, 2013** at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **February 22, 2013**                    **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the fact that counsel for Plaintiffs' counsel are actively litigating against Defendant El Rancho in another matter (Rosales v. El Rancho, 1:09-cv-00709 AWI JLT) and which heavily involves Defendant Garza, the failure to serve the complaint cannot be attributed to difficulty in service.